**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4265

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROY JUNIOR HERBIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:24-cr-00200-LCB-1)

Submitted:  November 20, 2025                    Decided:  November 24, 2025

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Eric D. Placke, Interim Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Stephen Thomas Inman, Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Junior Herbin pled guilty, pursuant to a written plea agreement, to two counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a); two counts of attempted interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a); and one count of carry and use by brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced him to a total term of 194 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Herbin's guilty plea.  Although notified of his right to do so, Herbin has not filed a pro se supplemental brief.  The Government moves to dismiss Herbin's appeal pursuant to the appellate waiver in his plea agreement.  We affirm in part and dismiss in part.

The waiver provision in the plea agreement does not preclude our review pursuant to *Anders* of the validity of the guilty plea.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).  Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charges to which he is pleading guilty, and the possible consequences of his guilty plea. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  The court must also ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement, and that a factual basis exists for the plea.  Fed. R. Crim. P. 11(b)(2), (3). "A properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is

final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (citation modified).

Because Herbin did not seek to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Herbin entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea and all elements of his offenses, and that his guilty plea is valid.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (citation modified). Our review of the record confirms that Herbin knowingly and intelligently waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Herbin's valid

appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We affirm as to any issue not encompassed by the waiver.

This court requires that counsel inform Herbin, in writing, of the right to petition the Supreme Court of the United States for further review. If Herbin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Herbin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*